130

Emma GUNTER, Plaintiff–Appellant,

v.

Gladys CARRION, as Commissioner of New York State Office of Family and Children Services, Thomas Suozzi, as Nassau County Executive, John E. Imhop, as Commissioner of Nassau County Social Services, Frances Defilipis, individually and in her official capacity as Assistant Director of Child Protective Services Nassau County, Glen Tuifel, individually and in his official capacity as Supervisor Nassau County Child Protective Services, Rubin Santori, individually and in his official capacity as Employee Nassau County Department of Social Services, Barbara Deleon, individually and in her official capacity as Caseworker Nassau County Department of Child Protective Services, Margaret McDade, individually and in her official capacity as Case Worker Nassau County Department of Child Protective Services, Defendants–Appellees.

No. 09–1264–cv.

United States Court of Appeals, Second Circuit.

June 30, 2009.

Emma Gunter, Rockville Centre, N.Y., pro se.

Karen Hutson, Deputy County Attorney, Donna Napolitano, Dennis J. Saffran, and Sondra Toscano, Nassau County Office of the County–Attorney, Mineola, N.Y., Jennifer Johnson and Ann P. Zybert, Office of the Attorney General of New York, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

There are two issues currently before us: (1) Appellant's motion in this Court for a stay prohibiting Appellees from removing her grandchildren from New York, and a mandatory injunction compelling Appel-

lees to return her grandchildren to her custody; and (2) the merits of Appellant's appeal from the District Court's order denying similar injunctive relief. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

As to the first issue—Appellant's motion in this Court—upon due consideration, it is hereby ORDERED that the motion is DENIED because Appellant has not demonstrated "a substantial possibility, although less than a likelihood, of success" on appeal. *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir.1994) (internal quotation marks omitted); *see Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir.1993); *see also Younger v. Harris*, 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

As to the second issue—Appellant's appeal of the District Court's denial of injunctive relief—we find that the District Court's reasoning was sound. Given that Appellant's case is currently pending before state tribunals, the abstention doctrine made it unlikely that she would prevail on the merits, *see Younger*, 401 U.S. at 43–44, 91 S.Ct. 746. Hence she is not entitled to a preliminary injunction, *see D.D. ex rel. V.D. v. N.Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir.2006). Accordingly, the decision of the District Court is AFFIRMED.